FILED by MM D.C.

Apr 19, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **23-20166-CR-ALTONAGA/DAMIAN**

18 U.S.C. § 1343
18 U.S.C. § 1957
18 U.S.C. § 2
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

UNITED STATES OF AMERICA

vs.

ELIASIB REYES,

     Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

*The Small Business Administration*

1. The United States Small Business Administration ("SBA") was an executive branch agency of the United States government that provided support to entrepreneurs and small businesses. The mission of the SBA was to maintain and strengthen the nation's economy by enabling the establishment and viability of small businesses and by assisting in the economic recovery of communities after disasters.

2. As part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees.

*The Paycheck Protection Program*

3. The Coronavirus Aid, Relief, and Economic Security ("CARES") Act was a federal law enacted in or around March 2020 and designed to provide emergency financial assistance to the millions of Americans who were suffering from the economic effects caused by the COVID-19 pandemic. One source of relief provided by the CARES Act was the authorization of forgivable loans to small businesses for job retention and certain other expenses, through a program referred to as the Paycheck Protection Program ("PPP").

4. In order to obtain a PPP loan, a qualifying business submitted a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application (Small Business Administration ("SBA") Form 2483), the small business (through its authorized representative) was required to provide, among other things, its: (a) average monthly payroll expenses; and (b) number of employees. These figures were used to calculate the amount of money the small business was eligible to receive under the PPP. In addition, businesses applying for a PPP loan were required to provide documentation confirming their payroll expenses.

5. A PPP loan application was processed by a participating lender. If a PPP loan application was approved, the participating lender funded the PPP loan using its own monies. While it was the participating lender that issued the PPP loan, the loan was 100% guaranteed by the SBA. Data from the application, including information about the borrower, the total amount of the loan, and the listed number of employees, was transmitted by the lender to the SBA in the course of processing the loan.

6. PPP loan proceeds were required to be used by the business on certain permissible expenses—payroll costs, interest on mortgages, rent, and utilities. The PPP allowed the interest and principal on the PPP loan to be entirely forgiven if the business spent the loan proceeds on these expense items within a designated period of time and used a defined portion of the PPP loan proceeds on payroll expenses.

### *The Economic Injury Disaster Loan Program*

7. Another related response to the COVID-19 outbreak was an expansion of an existing disaster-related program – the Economic Injury Disaster Loan ("EIDL") – to provide for loan assistance (including $10,000 advances) for small businesses and other eligible entities for loans up to $2 million. The EIDL proceeds could have been used to pay fixed debts, payroll, accounts payable, and other bills that could have been paid had the disaster not occurred; however, such loan proceeds were not intended to replace lost sales or profits, or for the expansion of a business.

8. Unlike certain other types of SBA-guaranteed loans, EIDL funds were issued directly from the United States Treasury, and applicants applied for EIDL funds directly through the SBA via an online portal and application. The EIDL application process, which also used certain outside contractors for system support, collected information concerning the business and the business owner, including: information about the gross revenues for the business prior to January 31, 2020; and the cost of goods sold. Applicants electronically certified that the information provided was true and accurate and were warned that any false statement or misrepresentations to the SBA, or any misapplication of loan proceeds may result in sanctions, including criminal penalties.

9. EIDL applications were received in and processed using computer servers located in the states of Iowa, Virginia, and Washington. EIDL disbursement payments were initiated by the SBA using computer servers located in the state of Colorado, which transmitted the payment information to the Treasury using computer servers located in the state of Virginia.

### The Defendant and Related Entities and Individuals

10. **ELIASIB REYES** was a resident of Miami-Dade County, Florida.

11. Reyes Aviation, Inc. ("Reyes Aviation") was a Delaware corporation with its registered office located in New Castle County, Delaware.

### Relevant Banks and Processors

12. Cross River Bank ("Cross River") was a financial institution based in Fort Lee, New Jersey, and an approved SBA lender of PPP loans.

### COUNTS 1–3
### Wire Fraud
### (18 U.S.C. §1343)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. From in or around July 2020, and continuing through in or around April 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**ELIASIB REYES,**

did knowingly, and with the intent to defraud, devise and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted, by means of wire communications in

interstate commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE SCHEME AND ARTIFICE

3. It was the object of the scheme and artifice for the defendant and his accomplices to unlawfully enrich themselves by, among other things: (a) submitting and causing the submission of false and fraudulent applications for loans made available through the SBA to provide relief for the economic effects caused by the COVID-19 pandemic, including PPP and EIDL loans; and (b) diverting fraud proceeds for the defendant's and his accomplices' personal use and benefit.

## THE SCHEME AND ARTIFICE

The manner and means by which the defendant and his accomplices sought to accomplish the object and purpose of the scheme and artifice included, among others, the following:

4. **ELIASIB REYES** and his accomplices submitted and caused the submission of fraudulent PPP and EIDL loan applications under the name of **REYES** and Reyes Aviation, using the address and Social Security Number of **REYES** and address and Employer Identification Number of Reyes Aviation, via interstate wire communications.

5. In furtherance of the scheme, **REYES** and his accomplices submitted and caused the submission of false and fraudulent information and documentation in support of the PPP and EIDL loan applications, including falsified Internal Revenue Service ("IRS") forms, among other things, and falsely and fraudulently represented with respect to **REYES** and Reyes Aviation the number of employees, amount of monthly payroll, and amount of gross revenue and cost of goods sold.

6. As a result of the false and fraudulent EIDL loan applications submitted as part of this scheme, the SBA disbursed EIDL proceeds in the approximate amount of $88,600 to **REYES** at his Bank of America bank account ending in 3447, via interstate wire transmissions.

7. **ELIASIB REYES** used the fraudulently obtained funds to pay for, among other things, an Audemars Piguet Royal Oak watch, and a Rolex Oystersteel and Everose Gold watch. REYES also used the money to fund his personal brokerage account and to pay his personal credit cards.

All in violation of Title 18, United States Code, Section 1343.

## USE OF THE WIRES

8. On or about the dates below, in the Southern District of Florida, and elsewhere, **ELIASIB REYES**, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false or fraudulent when made, did knowingly transmit and cause to be transmitted in interstate and foreign commerce, by means of wire communications, certain writings, signs, signals, pictures, and sounds, as described below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| 1 | July 16, 2020 | The submission of an electronic EIDL application on behalf of **ELIASIB REYES** to the SBA, causing a wire transmission from the Southern District of Florida to outside the State of Florida |
| 2 | July 25, 2020 | The submission of an electronic EIDL application on behalf of **ELIASIB REYES** d/b/a Reyes Aviation, causing a wire transmission from the Southern District of Florida to outside the State of Florida |
| 3 | January 25, 2021 | The submission of an electronic PPP application on behalf of Reyes Aviation to Cross River Bank, causing a wire transmission from the Southern District of Florida to outside the State of Florida |

In violation of Title 18, United States Code, Sections 1343 and 2.

# COUNT 4
## Money Laundering
## (18 U.S.C. § 1957)

1. The General Allegations Section of this Indictment is re-alleged and incorporated by reference as though fully set forth herein.

2. On or about August 17, 2020, in Miami-Dade County, in the Southern District of Florida, the defendant,

**ELIASIB REYES**,

did knowingly engage in a monetary transaction affecting interstate and foreign commerce, by, through, and to a financial institution, such transaction involving criminally derived property of a value greater than $10,000, that is, a wire transfer, in the approximate amount of $25,245.91, from **REYES'** Bank of America account ending in 3447 to **REYES'** Citi Card account ending in 6217, and such property having been derived from a specified unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

It is further alleged that the specified unlawful activity is wire fraud, in violation of Title 18, United States Code, Section 1343.

In violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATIONS

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **ELIASIB REYES**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or

personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and the procedures set forth at Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Sections 2461(c) and 982(b)(1).

A TRUE BILL

███████████████
FOREPERSON

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

JONATHAN BAILYN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ELIASIB REYES,

_____/

CASE NO.: _____

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☒ Miami  ☐ Key West  ☐ FTP
☐ FTL    ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)            (Check only one)
   I   ☒ 0 to 5 days           ☐ Petty
   II  ☐ 6 to 10 days          ☐ Minor
   III ☐ 11 to 20 days         ☐ Misdemeanor
   IV  ☐ 21 to 60 days         ☒ Felony
   V   ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Moore   Case No. 23-CR-20036-MOORE
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Jonathan Bailyn
Assistant United States Attorney
Court ID No.   A5502602

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: Eliasib Reyes

**Case No**: _____

Counts #: 1–3

Wire Fraud

Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment:** 20 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

Count #: 4

Money Laundering

Title 18, United States Code, Section 1957
* **Max. Term of Imprisonment:** 10 Years' Imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 Years
* **Max. Fine:** $250,000

*Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.